clf\davis-riddle\pleadings\motiontocompel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>　　　　　　　　　Plaintiff,<br>　　　vs.<br><br>RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE,<br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |

### DISCOVERY ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of motion of Plaintiff Joseph Davis, individually and on behalf of all others similarly situated, to compel Defendants, Riddle & Associates, P.C. and Jesse Riddle, to respond to Plaintiff's discovery requests and any response thereto, and for good cause shown, it is ORDERED that the motion is GRANTED.

Defendants Riddle & Associates, P.C. ("R&A") and Jesse Riddle are each ORDERED to serve within 10 days of this Order full, complete, and verified responses, without objection, to Plaintiff's Second Set of Interrogatories numbered 5, 8, 9, 10, 11, 14, 16, and 18.

Defendants R&A and Jesse Riddle are further each ORDERED to serve within 10 days of this Order full, complete, and verified responses, without objection, to Plaintiff's Supplemental Request for Production of Documents numbered 1, 2, 5, 7, 8, 9, 10, 11, 12, 13, 15, and 19. The response shall specify what documents are responsive to the individual requests and produce all responsive documents. If Defendants rely on documents previously produced, they shall specify by bates number which documents are responsive to which request.

Defendants shall forthwith provide full names and addresses (last known home and business address) and telephone number(s) for all persons sought to be identified or who should be identified per Rule 26(a).

Failure of Defendants to comply with this Order may result in sanctions pursuant to Fed. R. Civ. P. 37.

BY THE COURT:

_____
                                   U.S.D.J.

clf\davis-riddle\pleadings\motiontocompel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>                  Plaintiff,<br>vs.<br><br>RIDDLE & ASSOCIATES, P.C. and<br>JESSE RIDDLE,<br>                  Defendants. | CIVIL ACTION<br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |

**PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND**
**COMPEL DISCOVERY RESPONSES FROM DEFENDANTS**

Plaintiff Joseph Davis, individually and on behalf of all others similarly situated, commenced this action as a result of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant Riddle & Associates, P.C. is a debt collection law firm and Defendant Jesse Riddle is a lawyer who controls and is the principal in Riddle & Associates, P.C. (both Mr. Riddle and his law firm are collectively referred to as "Riddle"). Defendants have sought to collect on stale, time-barred debt. Riddle sent letters to Plaintiff and the class stating "[i]f you request proof of the debt . . . the law requires our firm to suspend our efforts to collect the debt (through litigation or otherwise)." That statement is deceptive and misleading in violation of the FDCPA as it implies that Defendants have or may commence litigation when in fact they did not and could not because the debt was over fifteen years old and suit had long since been time-barred.

Plaintiff has served a Second Set of Interrogatories and Supplemental Document Requests on each Defendant, and despite our good faith efforts to obtain responsive answers,

1

Defendants' responses remain deficient. Defendants have stonewalled discovery, necessitating this motion.

Plaintiff Joseph Davis moves the Court for an Order pursuant to Fed. R. Civ. P. 37(a) compelling Defendants to provide full and complete responses to Plaintiff's Second Set of Interrogatories and Supplemental Request for Production of Documents as set forth herein. This Motion is necessary because of Defendants' utter refusal to answer even the most rudimentary discovery requests, relying instead on blanket, serial objections and what we have now learned are completely false Affidavits as to the number of people in the potential class. Until just several days ago, Defendants and their Affiants presented a total of six persons in the putative class, a number Plaintiff disputed and knew was impossibly low. We have now learned, per Defendants' Counsel and yet another "Affidavit" provided yesterday, that there are approximately 14,715 people in the potential class.[1]

As per the attached Certification and Memorandum of Law, Plaintiff's counsel has made several good faith but unsuccessful attempts to confer with defense counsel regarding Defendants' deficient discovery responses and the need to file supplemental answers.

For the reasons set forth herein and in the attached Memorandum of Law, this motion should be granted and Defendants should be compelled to provide full and complete responses,

---

[1] Defendants have also refused to appear for court ordered depositions scheduled for March 3, 2008 in Salt Lake City, Utah. (Doc. 43.) (See email dated February 26, 2008, attached hereto as Exhibit "A"). The Court, pursuant to a telephone conference on February 27, 2008, directed yet again that defendants appear and sit for their depositions.

without objection, to Plaintiff's Second Set of Interrogatories and Supplemental Request for

Production of Documents identified herein.


Date:  2/27/08                            /s/ Theodore E. Lorenz
                                          CARY L. FLITTER
                                          THEODORE E. LORENZ
                                          **Attorneys for Plaintiff**
                                          LUNDY, FLITTER,
                                          BELDECOS & BERGER, P.C.
                                          450 N. Narberth Avenue
                                          Narberth, PA 19072
                                          (610) 822-0782

clf\davis-riddle\pleadings\motiontocompel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>                              Plaintiff,<br>                    vs.<br><br>RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE,<br>                              Defendants. | CIVIL ACTION<br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |

**CERTIFICATE OF EFFORT TO RESOLVE DISCOVERY DISPUTE**

In accordance with Local Rule 26.1(f), I certify that a reasonable effort has been made to obtain the requested outstanding discovery.  On January 30, 2008, Mr. Cary Flitter wrote a detailed letter to Jeffrey Turner and Richard Perr, Defendants' counsel, regarding Defendants' deficient responses to Plaintiff's Second Set of Interrogatories and Supplemental Document Request.  (A copy of Plaintiff's January 30, 2008, letter is attached hereto as Exhibit "B".)

Defendants' responded by letter dated February 7, 2008, asserting the same basic objections and failing to remedy the deficiencies set forth in Mr. Flitter's January 20, 2008, letter.  (A copy of Defendants' February 7, 2008, letter is attached hereto as Exhibit "C".)

In follow-up, Plaintiff's counsel discussed these discovery issues with defense counsel, but was unsuccessful in getting defense counsel to provide meaningful discovery. (See Exhibit "A").

Plaintiff's counsel then wrote to the Court on February 19, 2008, requesting a telephone conference regarding this discovery impasse.  (A copy of Plaintiff's February 19, 2008, letter to Judge Davis is attached hereto as Exhibit "D".)  Pursuant to a February 21, 2008, Order by Judge

Davis (Doc. 45), Plaintiff hereby files the within Motion to Compel.

                         Respectfully submitted:

Date:  2/27/08                      */s/ Theodore E. Lorenz*
                                      THEODORE E. LORENZ

clf\davis-riddle\pleadings\motiontocompel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>                              Plaintiff,<br>            vs.<br><br>RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE,<br>                              Defendants. | CIVIL ACTION<br><br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**I.      INTRODUCTION**

This motion is essential because of Defendants' continuing refusal to provide responsive answers to Plaintiff's discovery requests or to produce documents in Defendants' possession relative to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims. Defendants failed to provide straight forward responses to Plaintiff's discovery requests, relying instead upon serial objections. Defendants have likewise refused to provide documents requested. Defendants have not even identified responsive documents.

Thus, this motion seeks to have Defendants identify all of the information and documents in their possession responsive to Plaintiff's legitimate, tailored requests, and certify that they have done so. Defendants should then be directed to produce the information and documents to which they have no valid objection and verify that it has done so. Finally, if Defendants have a valid objection, which Plaintiff contends they do not, then Defendants should be directed to provide a detailed log so that the claimed privilege or objection can be assessed.

## II.  BACKGROUND

1.      On or about October 29, 2007, Plaintiff, individually and on behalf of all others similarly situated, filed a Second Amended Complaint (Doc. 27) arising from violations of the FDCPA. The suit arises from Defendants' attempts to collect on stale, time-barred debt.

2.      Defendants' Answer with Affirmative Defenses was filed on November 8, 2007. (Doc. 26.)

3.      On November 29, 2007, Plaintiff served a Second Set of Interrogatories and a Supplemental Request for Production of Documents on each Defendant, copies of which are attached as Exhibits "E" and "F".

4.      On January 25, 2008, Defendants, through counsel, served their responses and objections to Plaintiff's Second Set of Interrogatories and Supplemental Document Requests, copies of which are attached as Exhibits "G" and "H".

5.      Defendants' responses to Plaintiff's second set of discovery requests were deficient. On January 30, 2008, Cary Flitter, Esquire, counsel for Plaintiff, wrote to Jeffrey Turner, Esquire, and Richard J. Perr, Esquire, counsel for Defendants, setting forth in detail the deficiencies with Defendants' responses to Plaintiff's Interrogatories, including misplaced and improper objections, and vague, nonresponsive answers. (*See* Exhibit "B").

6.      By letter dated February 7, 2008, defense counsel sent Plaintiff a letter which purported to provide supplemental responses to Plaintiff's second set of discovery requests. (*See* Exhibit "C".) Defendants' answers and responses remain deficient.

7.      Plaintiff's counsel, Theodore Lorenz, contacted defense counsel in an attempt to address Defendants' deficient responses to Plaintiff's discovery requests, albeit unsuccessfully.

8.      By letter dated February 19, 2008, Plaintiff's counsel wrote the Court requesting a telephone conference regarding an impasse reached in discovery. (*See* Exhibit "D".)

9.      By Order dated February 21, 2008, Plaintiff was directed to file a formal motion with regard to this discovery dispute on or before February 27, 2008. (Doc. 45.)

## III.   LEGAL ARGUMENT

### A.    LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedures provides that if a party fails to respond to discovery, or provides evasive or incomplete answers, then the party submitting discovery may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(2), (3), and (4).

Discovery is a broadly construed concept. Pursuant to Rule 26 of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1). *See also Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994) (holding that "relevancy is broadly construed, and determined in relation to the facts and circumstances of each case [and] when there is doubt about relevance, a court should tend toward permitting discovery."); *Republic Environmental Systems, Inc. v. Reichhold Chemicals, Inc.*, 157 F.R.D. 351, 352 (E.D. Pa. 1994)(same).

## INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedures, the obligations of a party responding to interrogatories are, in part, as follows:

> **(1)** Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

> **(2)** The answers are to be signed by the person making them, and the objections signed by the attorney making them.

Fed. R. Civ. P. 33. Defendants failed to substantively respond to the specific Interrogatories put to them. Instead, they raised serial objections; referred to a privilege log which failed to set forth how documents and information are protected by the attorney-client privilege, trade secret or are otherwise confidential; and asserted cryptic responses which were in no way responsive to Plaintiff's tailored and relevant Interrogatories.

## REQUEST TO PRODUCE DOCUMENTS

Rule 34 provides for the production of documents and states that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34. The rule further provides that "an objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C). Any objections must state the grounds of the objection with specificity. *See A. Farber and Partners, Inc. v. Graber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)(observing general boilerplate objections are ineffective).

As discussed below, Defendants have objected to valid and relevant Document Requests via serial, general boilerplate objections.

CLAIM OF PRIVILEGE

If a responding party objects to a discovery request on the basis of privilege, Rule 26(b)(5) requires the party to submit a sufficient written description of the withheld item so the propounding party can assess the validity of the objection.

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). *SecureInfo Corp. v. Bukstel*, No. 03-679, 2003 U.S. Dist. LEXIS 23688, at *12 (E.D. Pa. Dec. 16, 2003)(directing in part that the defendant serve a privilege log for withheld documents). *See also, McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04-01068, 2004 U.S. Dist. LEXIS 23990, at *23 (E.D. Pa. Nov. 30, 2004)("The party resisting discovery also bears the burden of demonstrating the applicability of an evidentiary privilege, such as the attorney-client privilege or the work-product privilege, as a bar to discovery.").

Rule 26 further provides that an attorney must sign off on any objection to a discovery request and by doing so, certifies that the objection is "consistent with these rules and warranted by existing law" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" Fed. R. Civ. P. 26(g)(2).

As discussed below, the discovery sought from Defendants is relevant to this matter, thus the burden is on Defendants to show why discovery should not be permitted. *See Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994)(discussing how burden shifts to the party opposing discovery to show why discovery should not be permitted). Defendants, despite Plaintiff counsel's good faith efforts, have failed to explain or demonstrate why its objections to

Plaintiff's discovery requests are valid and proper. Consequently, this motion is required to enforce and compel Defendants' discovery obligations.

**B.     DEFENDANTS' OBJECTIONS TO INTERROGATORIES SHOULD BE OVERRULED AND DEFENDANT SHOULD BE COMPELLED TO PROVIDE RESPONSIVE ANSWERS TO PLAINTIFF'S INTERROGATORIES IDENTIFIED HEREIN.**

Defendants have responded to Plaintiff's Interrogatories with vague, cryptic and serial objections. For example, defense counsel repeatedly objects to Plaintiff's Interrogatories on the basis of "privilege" yet fails to provide a specific privilege log so Plaintiff's counsel can assess the objection as permitted under Rule 26. This conduct is prejudicial to Plaintiff's right to take discovery in this matter. *See Pamlab, L.L.C. v. Rite Aid Corp.*, No. 04-1115, 2004 U.S. Dist. LEXIS 20693, at *14 (E.D. La. Oct. 12, 2004) ("Part of the purpose of discovery is to determine what is in the possession of the opposing party so that a party can be aware of all documents that are in the possession of either party that are pertinent to the claims and defenses of the parties.").

Defendants are the custodians of the information which bears on this case and the Interrogatories served by Plaintiff seek to discover the information in Defendants' possession relevant to this consumer class action.

Set forth below are Plaintiff's Second Set of Interrogatories, Defendants' responses and objections, Defendants' supplemental responses, and Plaintiff's argument in support of an order striking objections and compelling Defendants to provide responsive answers.

**Plaintiff's Interrogatory No. 5**: "Identify all communication with NCO concerning the assignment or collection of accounts alleged to be owed by members of the class (and bearing letter dates on or after March 6, 2006."

**Defendants' Response:** This request is vague, ambiguous, overly broad, and unduly burdensome. Additionally, this request is not reasonably calculated to lead to the discovery of admissible evidence. This request calls for materials protected by the attorney client privilege.

### Defendants' Supplemental Response:[2]

All communications between Defendants and NCO are subject to the attorney-client privilege. Riddle & Associates is a law firm and NCO is Riddle & Associates' client. It is well established that the attorney-client privilege protects communications made to attorney's staff, consultants, and other agents employed in rendering services. Defendants do not have the ability to waive the attorney-client privilege provided to NCO.

Without waiving the attorney-client privilege or any other privilege and/or objections, Defendants provide that NCO unintentionally placed the putative class members' PECO utility accounts, including Plaintiff's account, with Defendants during a single electronic download of medical accounts. Defendants' system did not recognize the utility accounts because Defendants had ceased collecting on such accounts in October of 2005. Because Defendants' system did not recognize the utility accounts, the system automatically defaulted to the use of the subject letter which was utilized in the past to collect on utility accounts. *See* attached Affidavit of David Wood.

### Plaintiff's Argument:

Defendants assert a spurious objection based upon attorney-client privilege. These communications do not trigger the attorney-client privilege since no such relationship exists. Defendant Riddle is a debt collection agency. While Defendants provided a privilege log of sorts, nothing in the sparse log appears to be privileged communication with NCO (nor does Plaintiff see how it could be). (See Exhibit "I" attached hereto). The privilege log must identify the category of information it believes privileged, the sender, the recipient, etc..., so that Plaintiff's counsel and the Court can assess the privilege claim. *See McCrink*, 2004 U.S. Dist. LEXIS 23990, at *3 (liberal discovery allowed; burden on party resisting discovery). Defendants have failed to do this. Further, the requested documents do not fall under the shroud of protected communications and should be produced.

**Plaintiff's Interrogatory No. 8**: Describe in detail (by date, persons involved, content) any communciation you had with plaintiff prior to or after the letter of October 16, 2006, a copy of which is attached to the SACCV as Exhibit A; attach all documetns which relate to your answer.

---

[2] Movant has pasted Defendants' supplemental response into the body of the motion for the ease of the Court, but unfortunately, the imaging technology does not always allow for perfect margins.

**Defendants' Response:** Objection. This request calls for materials protected by the attorney client privilege. [Defendant then lists the contacts]. Defendant's account notes are protected by the attorney client privilege, see copies of checks.

**Defendants' Supplemental Response:**

Defendants' collection notes are clearly protected by the attorney-client privilege. The collection notes are the internal communications of Riddle & Associates, a law firm, concerning its services being provided on behalf of its client, NCO. Again, it is well established that the attorney-client privilege applies to attorney's staff, consultants, and other agents employed in rendering services. Moreover, Plaintiff is aware of any communications that Defendants had with him. There are no other documents or records regarding Defendants' communications with Plaintiff and thus, there is nothing more to produce.

**Plaintiff's Argument:**

Plaintiff seeks information relating to any communications Defendants had with Plaintiff, along with documents evidencing the same. While Defendants extracted information from their collector log and typed this information into their answer, Plaintiff is entitled to the actual collection log. Defendants baldly assert that their collection log is protected under the attorney-client privilege. Collector notes are routinely produced in cases and Defendants offer absolutely no support for their position that information imputed into a collection log by one of their debt collectors is protected by the attorney-client privilege. This is a preposterous objection and the original log/notes should be produced.

**Plaintiff's Interrogatory No. 9:** State in detail the factual basis for any affirmative defenses which you assert; attach all documents which relate to your answer.

**Defendants' Response:** See portions of Defendant's confidential collection policy manual relating to Plaintiff's specific allegations.

**Defendants' Supplemental Response:**

Defendants do not have a "routine collection manual." Defendant's Policies & Procedures Manual is proprietary and specific to Defendants' law firm collection practice. A trade secret is defined as, "[a] plan or process, tool, mechanism or compound, known only to its owner and those employees to whom it is necessary to disclose it. Confidential business information entitled to protection from disclosure." Barron's Law Dictionary, 3rd Edition., 1991. Defendants' Policies & Procedures Manual is the product of extensive legal research and draftsmanship by attorneys. The Policies & Procedures Manual details Defendants' plan and process for its business operations. Therefore, the Policies & Procedures Manual is plainly a trade secret which may only be produced subject to an appropriate protective order.

**Plaintiff's Argument:**

While Defendants reference a collection policy manual, they have refused to produce it asserting that it is "confidential" and a "trade secret." Defendants have not specifically articulated how or why the collection policy manual is "confidential" or a "trade secret." To establish the manual as such, Defendants must show "(1) the extent to which the information is known outside the owner's business; (2) the extent to which it is known by employees and others involved in the owner's business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the owner and to his competitors; (5) the amount of effort or money expended by the owner in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Hyman Cos. v. Brozost*, 119 F. Supp. 2d 499, 504 (E.D. Pa. 2000). Further, there is a presumption that discovery is to take place in public and claims of trade secret and confidentiality are narrowly construed and, of course, the objector's burden. *See Lazin v. Pavilion Partners*, 1995 U.S. Dist. LEXIS 11325 (E.D. Pa. Aug. 4, 1995). Defendants have not met their burden here and their manuals should be produced.

**Plaintiff's Interrogatory No. 10**: Identify by caption, court or agency, case number, and result, all litigation or administrative actions brought against you in the past three years for alleged violations of the Fair Debt Collection Practices Act, state unfair trade or consumer protection laws, or any similar debt collection practices law, and attach all documents which relate to your answer.

**Defendants' Response:**   This request is vague, ambiguous, overly broad, and unduly burdensome.   Additionally, is not reasonably calculated to lead to the discovery of admissible evidence.

**Defendants' Supplemental Response:**

Defendants will start a compilation of suits filed against them in the last three years.  In the mean time, Plaintiff is reminded that any complaint filed against Defendants in a court of law is a public record.  If Plaintiff's counsel somehow believes that Defendants' prior suit history is relevant to his claims, Plaintiff is free to search the public records himself.

**Plaintiff's Argument:**

Defendants have stated that they have started to compile the information, but to date, no

information has been provided.

**Plaintiff's Interrogatory No. 11**: State your net worth for 2004 to present, state how you have calculated it and what documents you have relied upon.

**Defendants' Response:**   Defendant's net worth is currently in the negative.   See confidential Assets and Liabilities.

**Defendants' Supplemental Response:**

At this time, Defendants will not voluntarily produce its financial documents and tax returns. Absent a claim for punitive damages, the discovery of a defendant's financial status is not discoverable.  *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D.Pa.,1994).   Moreover, under the FDCPA, a debt collector's net worth is relevant to the issue of damages in a class action. *See* 15 U.S.C. § 1692k(a)(2)(B).   Defendants will not raise the issue of its' low net worth in opposition to any attempt by Plaintiff to certify the currently proposed class.  This action is not maintainable as a class action because there are only six putative members.  Nevertheless, if this Court certifies this case as a class action, Defendants agree to revisit this issue of producing its financial documents and tax returns.

**Plaintiff's Argument:**

Plaintiff is entitled to discover Defendants' net worth since it is considered in formulating

statutory damages under the FDCPA.  The FDCPA provides that statutory damages are capped at

the lesser of 1% of the debt collector's net worth or $500,000.00.  15 U.S.C. §1692k(a)(2)(B).

Defendants cannot pick and chose when this information will be provided. *See Caruso v.*

*Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994)("Information regarding damages is as discoverable as information pertaining to liability."). Plaintiff is entitled to discover this information and Defendants must provide it, especially in light of the depositions scheduled for March 3, 2008.

**Plaintiff's Interrogatory No. 14:**   Identify and produce any assignment or similar contract assigning the debt from PECO to InoVision, from InoVision to NCO and from NCO to you, permitting you or the firm to seek to collect the debt claimed due from Plaintiff and the putative class.

**Defendants' Response:**  Defendant does not have any documents from PECO Energy Company or InoVision.

**Defendants' Supplemental Response:**

There is no assignment between Defendants and NCO regarding the accounts of Plaintiff and the putative class. Again, NCO unintentionally placed the putative class members' PECO utility accounts, including Plaintiff's account, with Defendants during a single electronic download of medical accounts. *See* attached Affidavit of David Wood. Defendants do not have any documents in their possession or control from PECO or InoVision.

**Plaintiff's Argument:**

Plaintiff seeks information relating to any type of contract or agreement between defendants and NCO regarding the collection of the accounts at issue. Plaintiff is entitled to this information as part of discovery in this matter since it may provide information relating to the class and whether defendants were even authorized to be collecting on these stale, time-barred accounts. Furthermore, the Affidavit of David Wood has proven to be unreliable as evidenced by his sworn statements on class size.

**Plaintiff's Interrogatory No. 16:**   Describe your contract or understanding with InoVision, Inc. and NCO Financial Systems. Identify all documents which constitute or refer to that contract or understanding.

**Defendants' Response:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. Additionally, this request seeks procedures which have no relation to this

matter, and this request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks confidential, proprietary trade secrets. This request calls for materials protected by the attorney-client privilege.

**Defendants' Supplemental Response:**

Defendants' client is NCO. Defendants' understanding is that InoVision is a client of NCO. Defendants have no dealings with InoVision. Defendants have no other documents or information relevant to this interrogatory.

**Plaintiff's Argument:**

As stated in connection with Interrogatory 14, Plaintiff seeks discovery in connection with any contract or agreement between Defendants and NCO regarding the collection of these accounts. This may lead not only lead to further identification of class members, but also bears directly on whether Riddle was even authorized to be collecting these stale, time-barred accounts.

**Plaintiff's Interrogatory No. 18**: If you contend that the underlying debt alleged due on account of PECO Energy Service is not barred by the statue of limitations, state the complete basis for this contention.

**Defendants' Response:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. Additionally, this request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks confidential, proprietary trade secrets. This request calls for a legal conclusion.

**Defendants' Supplemental Response:**

Plaintiff is not entitled to knowledge of Defendants' defense strategy. Plaintiff is aware of the facts and legal issues concerning whether the debt was time-barred.

**Plaintiff's Argument:**

Plaintiff is certainly entitled to know the facts upon which Defendants assert an affirmative defense to the Amended Complaint filed in this matter, including whether Defendants believe the accounts were not time-barred.

### C.   DEFENDANTS SHOULD BE COMPELLED TO PROVIDE DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUESTS FOR DOCUMENTS

Just as with the Interrogatories discussed above, Defendants have failed to provide meaningful responses to many of Plaintiff's request for documents.  Indeed, Defendants have objected to almost every supplemental document request posed.

Set forth below are Plaintiff's Supplemental Document Requests and Defendants' Responses at issue, followed by Plaintiff's argument for a motion to compel Defendants' response.

**Document Request No. 1:** Documents which set forth the name, last known address, and telephone number of all persons in the Commonwealth of Pennsylvania to whom you sent letters substantially identical to the letter attached to the SACCV as Exhibit "A" on a date on or after March 6, 2006.

**Defendants' Response:** Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.  This request calls for materials protected by the attorney client privilege. Without waiving any objection, Defendant provides as follows: The subject letter was sent to a total of six individuals in the Commonwealth of Pennsylvania.  (list of six names and addresses)

**Defendants' Supplemental Response:**

Defendants do not have copies of the letters mailed to these identified individuals.

**Plaintiff's Argument:**

Defendants' response to this request is indicative of the barriers to discovery put in place by Defendants in this case.  Until just several days ago, Defendants insisted the class consisted of 6 people.   Defendants provided two sworn Affidavits on this point and Answers to Interrogatories containing this response.  Now, Defendants advise that the class consists of approximately 14,715 people, and have provided yet another sworn Affidavit.  Defendants state the class now consists of 6,324 potential and known class members and an estimated 8,391 unnamed and unknown people who Defendants believe received their letter.  Defendants have

provided an initial list of class members, but thousands remain unidentified.  Defendants must

provide a complete list of the class members.

**Document Request No. 2:**  All documents showing the name, address, identity, and number of persons in the Commonwealth of Pennsylvania to whom you sent a letter bearing a date on or after March 6, 2006, seeking to collect an account, which states, "The law requires our firm to suspend our efforts to collect the debt (through litigation or otherwise)," or substantially identical language, and which references a "last charge/paid date" more than four (4) years before the date of the letter.

**Defendants' Response:**  Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.  This request calls for materials protected by the attorney client privilege. Without waiving any objection, Defendant provides as follows: The subject letter was sent to a total of six individuals in the Commonwealth of Pennsylvania.  (list of same six names and addresses)

**Defendants' Supplemental Response:**

**Defendants do not have copies of the letters mailed to these identified individuals.**

**Plaintiff's Argument:**

Same comment to Supplement Request No. 1 above.

**Document Request No. 5:**   All documents related to your collection policies and procedures, collection methods, and use of collection notices where the underlying debt is or appears to be or is known to you to be barred by the applicable statute of limitations.

**Defendants' Response:**  Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.  Additionally, this request seeks procedures which have no relation to this matter, and this request is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this request seeks confidential, proprietary trade secrets.  Without waiving any objection, Defendant provides as follows: See Defendant's confidential policy, Procedures on Review of Accounts & Letters.

**Defendants' Supplemental Response:**

The format of Defendants' letters is determined by Jesse Riddle and David Wood after a thorough review of case law, FTC opinions, and other relevant authority to ensure that Defendants' letters comply with the FDCPA and relevant state law.  In addition, when a client retains Defendants to collect on accounts, Defendants verify the type of debt being referred and review any underlying agreements creating the debt to determine which letter adequately addresses the debt and complies with all laws applicable to the type of debt.

The subject letter was created based upon a thorough analysis of the Safe Haven letter offered by Judge Posner of the 7th Circuit in the decision, *Bartlett v. Heibl*.  The subject letter was subsequently revised based on further developments of law concerning the issues of adding

interest to a debt and attorney involvement.  Defendants stopped using the subject letter in 2005 when Defendants ceased collecting on NCO utility accounts.  *See* attached Affidavit of David Wood.  Defendants do no [sic] have copies of the subject letters previous formats [sic]

**Plaintiff's Argument:**

Defendants' initial response references "confidential policy, Procedures on Review of Accounts & Letters."  As previously discussed above, Defendants have not produced these documents claiming they are "confidential" and a "trade secret".  Defendants have not satisfied their burden of demonstrating that the requested documents contain either confidential information or trade secrets. *See Lazin v. Pavilion Partners*, 1995 U.S. Dist. Lexis 11325 (E.D. Pa. Aug. 4, 1995).  Further, these documents are relevant to Defendants' conduct and procedures in attempting to collect on stale, time-barred accounts.  As a result, any collection policies or manuals should be produced.  See also Plaintiff's Argument to Interrogatory No. 9.

**Document Request No. 7:**  All documents evidencing any communication, written or oral, with Plaintiff, including your complete file, paper or electronic, pertaining to Davis.

**Defendants' Response:**  Objection.  This request calls for materials protected by the attorney client privilege.  Defendant's account notes are protected by the attorney client privilege, see copies of checks.

**Defendants' Supplemental Response:** none

**Plaintiff's Argument:**

Plaintiff is entitled to any documents in Defendants' possession which pertain to the Plaintiff, including account notes or logs.  Defendants' objection based upon privilege is unsupported, asserted in bad faith, and designed to interfere with discovery. *See McCrink,* No. 2:04-01068, 2004 U.S. Dist. LEXIS 23990, at *23 (E.D. Pa. Nov. 30, 2004)("A court must reject the claim when the party fails to provide a privilege log with sufficient detail to meet the legal requirements for the application of the privilege").  See also Plaintiff's Argument to Interrogatory No. 8.

**Document Request No. 8:**  All documents relating to Plaintiff's account, including any collection logs and underlying contracts.

**Defendants' Response:**  Objection.  This request calls for materials protected by the attorney client privilege.  Defendant's account notes are protected by the attorney client privilege, see copies of checks.

**Defendants' Supplemental Response:**

Defendants' collection notes are clearly protected by the attorney-client privilege.  The collection notes are the internal communications of Riddle & Associates, a law firm, concerning its services being provided on behalf of its client, NCO.  Again, it is well established that the attorney-client privilege applies to attorney's staff, consultants, and other agents employed in rendering services. Moreover, Plaintiff is aware of any communications that Defendants had with him.  There are no other documents or records regarding Defendants' communications with Plaintiff and thus, there is nothing more to produce.

**Plaintiff's Argument:**

Again, Plaintiff is entitled to documents which bear on this case, including documents involving the account alleged due.  Defendants' bald assertion that documents in their possession relating to Plaintiff's account, including a collection log, are somehow subject to the attorney-client privilege is preposterous and abuses the privilege. Defendants should be directed to produce the requested material.

**Document Request No. 9:**  All communication with NCO or InoVision in which you provided a sampler of the letter, or sought or obtained comment upon or approval for the form of letter challenged in this case.

**Defendants' Response:**  Objection.  This request calls for materials protected by the attorney client privilege.

**Defendants' Supplemental Response:**

All communications between Defendants and NCO are subject to the attorney-client privilege. Riddle & Associates is a law firm and NCO is Riddle & Associates' client. It is well established that the attorney-client privilege protects communications made to attorney's staff, consultants, and other agents employed in rendering services. Defendants do not have the ability to waive the attorney-client privilege provided to NCO.

Without waiving the attorney-client privilege or any other privilege and/or objections, Defendants provide that NCO unintentionally placed the putative class members' PECO utility accounts, including Plaintiff's account, with Defendants during a single electronic download of medical accounts. Defendants' system did not recognize the utility accounts because Defendants had ceased collecting on such accounts in October of 2005. Because Defendants' system did not recognize the utility accounts, the system automatically defaulted to the use of the subject letter which was utilized in the past to collect on utility accounts. *See* attached Affidavit of David Wood.

**Plaintiff's Argument:**

For the reasons previously discussed, Defendants ongoing refusal to produce documents based upon a warped and unsupported assertion of the attorney-client cannot stand. Defendants should be directed to provide a responsive answer and produce the requested documents.

**Document Request No. 10:** All communications and documents (paper, electronic or otherwise) received from PECO Energy Company, InoVision, Inc., or NCO Financial Systems in connection with the account of: (a) Joseph Davis; and (b) all other class members as defined in the Second Amended Complaint.

**Defendants' Response:** Objection. This request calls for materials protected by the attorney client privilege. Defendant does not have any documents received from PECO Energy Company or InoVision.

**Defendants' Supplemental Response:**

See Defendant's supplemental response to Request No. 9 above.

**Plaintiff's Argument:**

See Plaintiff's comments in connection with Request No. 9 above.

**Document Request No. 11:** The agreement and any assignment with PECO Energy, InoVision, Inc., or NCO Financial Systems regarding the collection of accounts, including Plaintiff's, and those of the class.

**Defendants' Response:**  Defendant does not have any documents received from PECO Energy Company or InoVision.

**Defendants' Supplemental Response:**

There is no assignment between Defendants and NCO regarding the accounts of Plaintiff and the putative class.  Again, NCO unintentionally placed the putative class members' PECO utility accounts, including Plaintiff's account, with Defendants during a single electronic download of medical accounts.  *See* attached Affidavit of David Wood.  Defendants do not have any documents in their possession or control from PECO or InoVision.

**Plaintiff's Argument:**  See Plaintiff's argument in connection with Interrogatory No. 14

above.

**Document Request No. 12:**  Your complete financial statements and federal tax returns for 2004, 2005, 2006 and 2007.

**Defendants' Response:**  Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.  Additionally, this request seeks procedures which have no relation to this matter, and this request is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this request seeks confidential, proprietary trade secrets.

**Defendants' Supplemental Response:**

At this time, Defendants will not voluntarily produce its financial documents and tax returns.  Absent a claim for punitive damages, the discovery of a defendant's financial status is not discoverable.  *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D.Pa.,1994).  Moreover, under

the FDCPA, a debt collector's net worth is relevant to the issue of damages in a class action.  *See* 15 U.S.C. § 1692k(a)(2)(B).  Defendants will not raise the issue of its' low net worth in opposition to any attempt by Plaintiff to certify the currently proposed class.  This action is not maintainable as a class action because there are only six putative members.  Nevertheless, if this Court certifies this case as a class action, Defendants agree to revisit this issue of producing its financial documents and tax returns.

**Plaintiff's Argument:**

As discussed above in connection with Interrogatory No. 11, Plaintiff is entitled to

discover Defendants' net worth since it is considered in formulating statutory damages under the

FDCPA.  The FDCPA provides that statutory damages are capped at the lesser of 1% of the debt

collector's net worth or $500,000.00.   15 U.S.C. §1692k(a)(2)(B).   Plaintiff is entitled to

discover this information and Defendants must provide it.

**Document Request No. 13:**   Copies of any litigation or administrative action brought against you in the past three years alleging violations of the Fair Debt Collection Practices Act, state unfair trade or consumer protection laws, or any similar debt collection practices law.

**Defendants' Response:**   Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.   Additionally, is not reasonably calculated to lead to the discovery of admissible evidence.

**Defendants' Supplemental Response:**

Defendants will start a compilation of suits filed against them in the last three years.  In the mean time, Plaintiff is reminded that any complaint filed against Defendants in a court of law is a public record.  If Plaintiff's counsel somehow believes that Defendants' prior suit history is relevant to his claims, Plaintiff is free to search the public records himself.

**Plaintiff's Argument:**

Defendants represent in their supplemental response that they are compiling a list, but to

date, no information has been provided.

**Document Request No. 15:**   All documents you consulted to prepare, or that relate to, your answers to Plaintiff's Supplemental Interrogatories.

**Defendants' Response:**   Objection.   This request calls for materials protected by the attorney client privilege.   This request seeks confidential, proprietary trade secrets.

**Defendants' Supplemental Response:** none

**Plaintiff's Argument:**   Again, the burden is on Defendants to identify these documents

with particularity and then establish why they should be considered trade secrets.   Defendants

have not met this burden and the requested information should be produced.

**Document Request No. 19:**  Identify and produce the records upon which you have relied in determining class size and membership.

**Defendants' Response:** Objection.  This request calls for materials protected by the attorney client privilege.

**Defendants' Supplemental Response:** none

**Plaintiff's Argument:**  Defendants refuse to provide documents in their possession by asserting a warped and unsupported attorney-client privilege objection.   Defendants should not be allowed to use any privilege as a means to thwart discovery and their discovery obligations under the Rules.   Defendants must be required to abide by their discovery obligations and produce the documents requested herein.

## III.    CONCLUSION

Defendants have documents and information which Plaintiff needs to move this consumer class action forward, but which Defendants are unwilling to provide. *See Pamlab, L.L.C.,* 2004 U.S. Dist. LEXIS 20693, at *14 ("Part of the purpose of discovery is to determine what is in the possession of the opposing party so that a party can be aware of all documents that are in the possession of either party that are pertinent to the claims and defenses of the parties."). An Order is needed at this juncture striking Defendants' objections and compelling Defendants to provide full and complete responses, without objection, to the Interrogatories and Request for Documents discussed above.   Otherwise, Plaintiff Davis and the putative class will continue to be denied discovery to which it is entitled.

For the reasons set forth herein, Plaintiff's motion to compel discovery should be granted.


Date:  2/27/08                                  /s/ Theodore E. Lorenz
                                                CARY L. FLITTER
                                                THEODORE E. LORENZ
                                                Attorney for Plaintiff

                                                LUNDY, FLITTER,
                                                BELDECOS & BERGER, P.C.
                                                450 N. Narberth Avenue
                                                Narberth, PA 19072
                                                (610) 822-0782

clf\davis-riddle\pleadings\motiontocompel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| vs. | NO. 07-CV-0284(LDD) |
| RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE, | CLASS ACTION |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Jeffrey Turner, Esquire
SURDYK, DOWD & TURNER, L.P.A.
40 N. Main Street
Suite 1610
Dayton, OH 45423

Richard J. Perr, Esquire
FINEMAN, KREKSTEIN & HARRIS, P.C.
United Plaza
30 South 17th Street
Suite 1800
Philadelphia, PA 19103

Said document is available for viewing and downloading from the ECF system.  A copy will also be sent by first class mail, postage prepaid.

Date: 2/27/08                    */s/ Theodore E. Lorenz*
                                  THEODORE E. LORENZ