clf\davis-riddle\pleadings\pl's reply sur motion to compel discovery022908

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br> vs.<br><br>RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE,<br>    Defendants. | CIVIL ACTION<br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |

**O R D E R**

The Court having considered Plaintiff's Motion to Compel Discovery (Doc. 47), Defendants' response (Doc. 49) and Plaintiff's Reply (Doc. 50), it is ORDERED that Plaintiff's Motion is GRANTED. Defendants' objection to production of Riddle and Riddle & Associates, P.C.'s financial statements for the years 2004 through 2007 and tax returns for the years 2004 through 2007 is OVERRULED. Those documents shall be produced immediately.

               BY THE COURT:


               _____
                         U.S.D.J.

clf\davis-riddle\pleadings\pl's reply sur motion to compel discovery022908

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>      Plaintiff,<br>  vs.<br><br>RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE,<br>      Defendants. | CIVIL ACTION<br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |
|---|---|

## **PLAINTIFF'S REPLY SUR MOTION TO COMPEL DISCOVERY**

Defendant debt collectors have engaged in discovery abuse the likes of which is seldom seem in this District.

After providing three separate sworn statements that the Plaintiff's putative class of consumers to whom dunning notices have been sent consisted of no more than six members, Plaintiff served a subpoena upon the underling creditor. Defendants mysteriously shifted gears and attested to 14,715 members of the class. At the same time, Riddle has stated that approximately half the names have been "purged" or "dumped." The extent of the spoliation of evidence in the middle of a lawsuit is for a future day in this litigation, but is an area ripe for the upcoming depositions.

Next, after Plaintiff acquiesced to take the deposition in Utah and the Court entered an Order to that effect, (Doc. 43) and Defendants confirmed a date for March 3, 2008, Defendants sought to unilaterally cancel the deposition, advising Plaintiff's counsel that "we will not be there." Plaintiff's counsel thought that the Court remedied that problem in a conference call in the late afternoon of Wednesday, February 27, 2008, when it ordered the depositions to proceed in Salt Lake City on Monday, March 3, 2008.

1

However, Defendants have now, once again, <u>simply cancelled the deposition of David Wood</u>.  Mr. Wood is the self-styled President of Defendant Riddle and Associates, P.C., was the affiant in at least two of the sworn statements as to class size (6 members).  Defense counsel previously confirmed in writing that Mr. Wood would appear for deposition but now have unilaterally cancelled or sought to cancel his deposition for Monday, March 3, 2008, in Utah.  Plaintiff asks for relief on this score.

But it gets worse.  Plaintiffs served their class discovery in July 2007, with a supplemental request in November of 2007.  Yet, not until 11:00 a.m. on Friday, February 29, 2008, (today) have Defendants produced the bulk of the responsive documents.  Plaintiff's counsel has been inundated with thousands of pages (9 inches) of discovery responses.  These responses were due months ago, but have been strategically "dumped" on Plaintiff's counsel one business day before these long-standing depositions.

As if the discovery abuse were not enough, Defendants, who earlier wrote Plaintiff's counsel that they would file a retaliatory suit or seek sanctions at the end of the case, have now filed an individual and classwide Offer of Judgment (Doc. No. 46).  While Plaintiff is amenable to settling the case with Defendants on appropriate terms, the Offer of Judgment has problems.  It is little more than a settlement proposal.  Plaintiff can not accept an Offer of Judgment on behalf of a class.  F.R.Civ.P. 68.  Moreover, the judgment is larded with an inappropriate release, is unclear as to how net worth will be calculated, and is ambiguous as to attorney's fees.  Plaintiff will address the Offer of Judgment via a Motion to Strike in a timely way.

**Reply on Motion to Compel**

The bulk of Defendants' Opposition to Plaintiff's Motion to Compel is to challenge this Court's very subject matter jurisdiction.  Plaintiff submits that this is an issue which deserves

briefing in an appropriate fashion, not in an Answer to a Motion to Compel, and a Reply thereto. Plaintiff does note this: It is not at all clear that classwide Offer of Judgments apply in the class context, but our Court of Appeals has disapproved of strategic moves to moot an FDCPA class action. *See Weiss v. Regal Collections*, 385 F.3d 337, 348-49 (3d Cir. 2004). As well, because of the described deficiencies in the Offer of Judgment, it does not appear that complete relief has been offered. *See Zeigenfuse v. Apex Asset Mgmt.*, 239 F.R.D. 400 (E.D. Pa. 2006).

**Financial Discovery**

Net worth is obviously in issue here under the plain language of the FDCPA, 15 U.S.C. § 1692k. Six months after Plaintiff's discovery requests for financial statements and tax returns were issued, Defendants say they want a Confidentiality Agreement. Plaintiff does not consent.

First, if Defendants wanted a protective order, they should have moved for one. To the extent this Court were even to construe the opposition filed as a Motion for Protective Order of sorts, Riddle has fallen far short. It is settled in this District that protective orders will not issue upon generalized assertions or conclusory allegations of harm or privacy. The movant must set forth in detail just what the harm is and why the protective order is necessary. *See Rossi v. Schlarbaum*, 2008 WL 222323 (E.D. Pa. Jan. 25, 2008) *citing Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). In "delineating the injury to be prevented, specificity is essential." *Rossi* at *2 *quoting In Re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

Plaintiff points out that there is no presumption in the law that a party's financial information is confidential or presumptively entitled to a protective order in this District. Defendants have asked this Court to <u>assume</u> that disclosure of their financial information "will work a clear injury" or that "secrecy interests outweigh the strong presumption of public access." This is something the district courts in this circuit may not do. *See Lazin v. Pavilion Partners*,

3

1995 WL 470487 (E.D. pa. Aug. 4, 1995)(refusing even stipulated confidentiality agreement over "confidential and proprietary financial information" for lack of adequate showing). Riddle has made no showing. Defendants proposed a Confidentiality Agreement which is entirely overbroad, contains punitive provisions, and would permit the case to be litigated under a cloak of secrecy. Plaintiff does not agree to it.

It can scarcely be argued that tax returns and financial statements for the years 2004 through 2007 are relevant. If Defendants have an admissibility objection at a later point in the case or a trial, it can be made then. Plainly, the tax returns and financial statements bear on proving net worth. With respect to the joint tax return, Mrs. Riddle has not filed a motion of any kind. Although it may be convenient for Defendant to proffer his spouse as the innocent party seeking privacy, the mere fact that Defendant chose to file a joint return with his wife does not for that reason shield the tax return from discovery. The objection should be overruled and the specific financial documents, *i.e.*, financial statements and tax returns for the years 2004 through 2007 directed to be produced immediately.

                                            Respectfully submitted:


Date:  2/29/08                              */s/ Cary L. Flitter*
                                            CARY L. FLITTER
                                            THEODORE E. LORENZ
                                            **Attorneys for Plaintiff**
                                            LUNDY, FLITTER,
                                            BELDECOS & BERGER, P.C.
                                            450 N. Narberth Avenue
                                            Narberth, PA 19072
                                            (610) 822-0782

clf\davis-riddle\pleadings\pl's reply sur motion to compel discovery022908

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, individually and on behalf of all others similarly situated,<br>　　　　　　　　Plaintiff,<br>　　　vs.<br>RIDDLE & ASSOCIATES, P.C. and JESSE RIDDLE,<br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 07-CV-0284(LDD)<br><br>CLASS ACTION |

## **CERTIFICATE OF SERVICE**

　　　　I hereby certify that on February 29, 2008, I have electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which sent notification of such filing to:

　　Jeffrey Turner, Esquire
　　SURDYK, DOWD & TURNER, L.P.A.
　　40 N. Main Street
　　Suite 1610
　　Dayton, OH 45423

　　Richard J. Perr, Esquire
　　FINEMAN, KREKSTEIN & HARRIS, P.C.
　　United Plaza
　　30 South 17th Street
　　Suite 1800
　　Philadelphia, PA 19103

　　　　Said document is available for viewing and downloading from the ECF system.

Date:  2/29/08　　　　　　　　　　　　　　　　*/s/ Cary L. Flitter*
　　　　　　　　　　　　　　　　　　　　　　　CARY L. FLITTER